# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kasym Zholdoshbai Uulu,<br>Petitioner,<br>v.<br>Eric Rokosky, et al.,<br>Respondents. | No. CV-26-10215-PHX-JZB<br>**ORDER** |

Pending before the Court is Petitioner's "Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" ("Petition for Writ of Habeas Corpus") filed pursuant to 28 U.S.C. § 2241. (Doc. 1.) The instant Petition was filed on November 5, 2026. *See* (*id.*) In the Petition, Petitioner asserts three claims for relief: (1) that his re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment; (2) that his detention is governed by 8 U.S.C. § 1226(a), mandating that he be provided with a bond hearing; and (3) that his re-detention violated the Administrative Procedure Act. *See* (*id.*)

On November 10, 2026, Respondents filed a timely Response to the instant Petition, wherein they assert:

> The United States responds to the Petition for Writ of Habeas Corpus (Doc. 1) and to the Court's General Order 26-09. The government agrees that Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). Therefore, the United States does not oppose Petitioner's request to the extent it seeks a bond hearing.

(Doc. 6 at 1.)

On November 10, 2026, Petitioner filed a Reply, wherein he argues that immediate release is warranted given that Respondents have failed to meaningfully address the arguments asserted in his Petition. *See* (doc. 7.)

As an initial matter, "[b]y failing to respond to the claims actually asserted" in Petitioner's Petition, "Respondents have conceded the claims." *Soleimani v. Larose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025); *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."). This alone weighs in favor of granting Petitioner's requested relief—*i.e.*, release.

More importantly, based upon undersigned's individual review of the pleadings, the Court finds Petitioner is entitled to immediate release. Here, the record reflects that Petitioner entered the United States in 2023, was briefly detained, and then released on his own recognizance. Given his release on his own recognizance, the Court finds—given the prevailing view of district courts within the Ninth Circuit—that Petitioner was entitled to a pre-deprivation hearing before he was re-detained by the Department of Homeland Security ("DHS").[1] *See Singh v. Unknown Party*, No. CV-26-00483-PHX-JCH (CDB),

[1] The Court has considered the *Mathews v. Eldridge*, 424 U.S. 319 (1976) three-part test here. As to the first factor, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); *Addington v. Texas*, 441 U.S. 418, 425 (1979) ("This Court repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection."); *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). This factor favors Petitioner.

Turning to the second *Mathews* factor, "the risk of an erroneous deprivation [of liberty] is high" when "neither the government nor [Petitioner] has had an opportunity to determine whether there is any valid basis for [his] detention." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025) (citing *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025)). Thus, there is a high risk of erroneous deprivation of Petitioner's liberty interest absent a pre-deprivation hearing.

Finally, as to the third *Mathews* factor, the Court must consider the Government's

2026 WL 809849, at *4 (D. Ariz. Mar. 24, 2026) (finding that a petitioner released upon his own recognizance "was entitled to a hearing before he was re-detained" and finding "that immediate release, rather than requiring another bond hearing, is the appropriate remedy"); *see also Singh v. Party*, No. CV-26-01057-PHX-RM (DMF), 2026 WL 1090966, at *3 (D. Ariz. Apr. 22, 2026) (same); *Betanco v. Rosa*, No. CV-26-01869-PHX-SHD (ASB), 2026 WL 1256666, at *1 (D. Ariz. Mar. 25, 2026) (collecting cases); *Zhang v. Warden of Adelanto ICE Processing Ctr.*, No. 5:26-CV-03542-SP, 2026 WL 2548602, at *4 (C.D. Cal. Aug. 28, 2026) (collecting cases and noting that "petitioner's substantial liberty interest and the high risk of erroneous deprivation of that interest absent such a pre-deprivation hearing, due process requires a pre-deprivation hearing"); *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2686866, at *6 (E.D. Cal. Sept. 18, 2025); *Prieto-Cordova v. Larose*, No. 3:25-CV-2824-CAB-DDL, 2025 WL 3228953, at *2 (S.D. Cal. Nov. 19, 2025) ("Petitioner was apprehended by immigration officials, released on his own recognizance, and then re-detained without notice or a hearing, which violates the due process to which he is entitled."); *Singh v. Bondi*, No. C26-0598-SKV, 2026 WL 747104, at *4 (W.D. Wash. Mar. 17, 2026) (granting immediate release for petitioner who was released upon their own recognizance and re-detained without a pre-deprivation hearing); *Sharma v. Warden of Golden State Annex Detention Facility*, No. 1:25-CV-1861 AC, 2026 WL 1162718, at *5 (E.D. Cal. Apr. 29, 2026) (collecting cases).

Based upon the abovementioned authority, and given Respondents' failure to fully address Petitioner's claims, the Court shall grant Petitioner's Petition and order that he be

---

interest in detaining Petitioner without a pre-deprivation hearing. "The government has an obvious interest in 'protecting the public from dangerous criminal [noncitizens] . . . . [and] securing a[ noncitizen's] ultimate removal.'" *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (citing *Demore v. Kim*, 538 U.S. 510, 513 (2003)). Nevertheless, "[i]f the government wishes to re-arrest [a petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). Further, detention hearings in immigration courts are commonplace and impose a "minimal cost." *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal., 2025). In any event, "[d]etention for its own sake, to meet an administrative quota, or because the government has not yet established constitutionally required pre-detention procedures is not a legitimate government interest." *Pinchi*, 792 F. Supp. 3d at 1036. Thus, this factor also minimally favors Petitioner.

For the foregoing reasons, the Court finds that the *Mathews* factors weigh in favor of Petitioner and requires he be released.

immediately released from DHS custody.

Accordingly,

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (doc. 1) is **GRANTED** as to his request for immediate release from DHS custody.

**IT IS FURTHER ORDERED** that Respondents shall **IMMEDIATELY** release Petitioner from DHS custody under the same conditions that existed before his detention.

**IT IS FURTHER ORDERED** that Respondents shall provide a notice of compliance within **THREE (3) DAYS** of releasing Petitioner from DHS custody.

**IT IS FURTHER ORDERED** that, absent a significant change in Petitioner's circumstances, Respondents and their agents are enjoined from re-detaining Petitioner without **SEVEN (7) DAYS** prior notice and an opportunity for Petitioner to be heard by a neutral decisionmaker on the reasons for the re-detention and consideration of bond, at which hearing the government must bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

**IT IS FURTHER ORDERED** that any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 10th day of November, 2026.

Honorable John Z. Boyle
United States Magistrate Judge